IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL C. MITCHELL, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 10-CV-434-WDS |
| COMERICA INCORPORATED, | ) |
| Defendant. | ) |

# ORDER

**STIEHL, District Judge:**

This matter is before the Court, *sua sponte*, for docket control. Defendant has filed a motion for dismissal or, in the alternative, for a more definite statement pursuant to Rules 12(b)(6) and (e), respectively, (Doc. 3), to which plaintiff has filed a response (Doc. 12) and defendant a reply (Doc. 14). Defendant has raised the issue that plaintiff failed to attach the check that he alleged was attached to his complaint, and the Court considers this issue in this Order.

# BACKGROUND

On March 8, 2010, plaintiff filed his complaint in the State of Illinois, Second Judicial Circuit Court (Civil Case No.: 10-L-20). Defendant was served on May 17, 2010, and on June 15, 2010 defendant removed the action federal court based on diversity jurisdiction under 28 U.S.C. § 1332.

According to the complaint, on or about September 27, 2005, plaintiff delivered a check payable to LaSalle Bank/Bank of America ("LaSalle") in the amount of ninety thousand dollars

($90,000.00) for deposit into plaintiff's bank account with Banterra Bank. Plaintiff alleges that the funds were then mistakenly transferred to Comerica Incorporated ("Comerica"), account number 72000096. Plaintiff requested return of the funds and defendant refused. The plaintiff now claims unjust enrichment on the part of Comerica for retention of the funds.

Plaintiff alleged that the check was attached to his complaint as "Exhibit A," but it was not attached. Defendant contacted the clerk of the court of the Illinois state court, who informed defendant that plaintiff did not attach a copy of the check with the original complaint filed with the state court. Plaintiff did not attach or otherwise provide defendant with a copy of the check with the summons and complaint served on defendant. Defendant has asked plaintiff to produce a copy of the check, but plaintiff's counsel advised that it does not have a copy of the check, despite alleging that the check was attached, and only produced a "credit correction" that LaSalle Bank allegedly sent to defendant.

Defendant asserts that the check is "crucial to Comerica investigating and attempting to locate the 'transfer' amongst the hundreds of millions, if not billions, of transactions Comerica has processed and in assessing" the claim and possible defenses (Doc. 3).

## CONCLUSION

In light of the fact that the check forms the basis of this action and that plaintiff failed to attach the check to his complaint, even though he alleged he did so, this Court **DIRECTS** plaintiff to produce a copy of the check, front and back, and file it with this Court on or before November 30, 2010. If plaintiff fails to do so, this Court will enter a show cause Order, directing plaintiff to show cause why this case should not be dismissed. Fed. Rule Civ. P. 41(b).

**IT IS SO ORDERED**

**DATE: November 22, 2010**

                                          **/s/  WILLIAM D. STIEHL**
                                              **DISTRICT JUDGE**