IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL C. MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-cv-434-WDS |
| | ) |
| COMERICA INCORPORATED, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion to dismiss or, in the alternative, for more definite statement pursuant to Rules 12(b)(6) and (e), respectively, (Doc. 3), to which plaintiff has filed a response (Doc. 12) and defendant a reply (Doc. 14). This Court entered an Order directing plaintiff to produce a copy of the check, which plaintiff alleged was attached to his complaint (but was not), and which forms the basis of this action (Doc. 18), and plaintiff complied (Doc. 19). Accordingly, defendant's request for a more definite statement pursuant to Fed. R. Civ. P. 12(e), based upon its request for production of the check, is **DENIED** as moot.

## BACKGROUND

On March 8, 2010, plaintiff filed his complaint in the State of Illinois, Second Judicial Circuit Court (Civil Case No.: 10-L-20). Defendant was served on May 17, 2010, and on June

1

15, 2010 defendant removed the action to federal court based on diversity jurisdiction under 28 U.S.C. § 1332.[1]

According to the complaint, on or about September 27, 2005, plaintiff delivered a check payable in the amount of ninety thousand dollars ($90,000.00) to LaSalle Bank/Bank of America ("LaSalle") for deposit into plaintiff's bank account with Banterra Bank. Plaintiff alleges that the funds were then mistakenly transferred to defendant Comerica Incorporated ("Comerica"), account number 72000096. Plaintiff requested return of the funds and defendant refused. The plaintiff now claims unjust enrichment on the part of Comerica for retention of the funds.

The defendant moves for dismissal based on the theory that the unjust enrichment claim is displaced by UCC § 3-420(a), under which plaintiff's cause of action is time-barred by the Code's three-year statute of limitations. UCC § 3-118(g).

## **LEGAL STANDARD**

The Court reviews motions to dismiss in the light most favorable to the plaintiff, accepts as true all well-pleaded facts alleged, and draws all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "A court may properly dismiss a claim pursuant to Rule 12(b)(6) only if the plaintiff could prove no set of facts consistent with the allegations of the complaint on which relief could be granted." *Minch v. City of Chicago*, 486 F.3d 294, 300 (7th Cir. 2007) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

---

[1] According to defendant's notice of removal (Doc. 2) plaintiff is a resident of Illinois (and the civil cover sheet notes that plaintiff is in fact a citizen of Illinois (Doc. 2-2)); defendant is a corporation organized under the laws of Texas with its primary place of business and headquarters in Texas; and the amount in controversy is $90,000.00 plus other damages. Plaintiff has filed nothing to refute these assertions. Thus, this Court can properly hear this case pursuant to its diversity jurisdiction under 28 U.S.C. § 1332.

## ANALYSIS

The defendant's first argument for dismissal is that the unjust enrichment claim is displaced and time-barred by the UCC. *See Travelers Cas.& Sur. Co. of Am., Inc. v. Nw. Mut. Life Ins. Co.*, 480 F.3d 499, 504-505 (7th Cir. 2007) (holding that plaintiff cannot recharacterize his claim to circumvent the UCC statute of limitations when the UCC fits the facts of the case to a T). The relevant section of the Illinois UCC states:

> The law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment. An action for conversion of an instrument may not be brought by (I) the issuer or acceptor of the instrument or (ii) a payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a co-payee.

810 ILCS 5/3-420(a). The check deposited by the plaintiff is the instrument the defendant claims comes under this statute. While the Seventh Circuit does recognize a check as an instrument within the meaning of the statute, *Rodrigue v. Olin Employees Credit Union*, 406 F.3d 434, 439 (7th Cir. 2005), the plaintiff alleges that LaSalle, and not Comerica, received the check and transferred the money in question to Comerica. Plaintiff does not allege that the defendant ever "negotiated the check without [plaintiff's] authorization," an essential element of conversion. *Rodrigue*, 406 F.3d at 439; *see also* 810 ILCS 5/3-201(a) (defining negotiation as "a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder.") Comerica allegedly accepted the check and applied it to one of its accounts.

The question then becomes whether the transfer alleged in the Complaint can itself be considered an instrument within the meaning of the UCC. The UCC states that: "'Instrument'

means a negotiable instrument." 810 ILCS 5/3-104(b). The comments for the same section further clarify that "the term 'negotiable instrument' is limited to a signed writing that orders or promises payment of money." *Id*. at cmt. 1. The plaintiff does not allege that Comerica ever received any "signed writing that orders or promises payment of money," but rather a simple transfer of money. *See Sharpe v. F.D.I.C.*, 126 F.3d 1147, 1153 (9th Cir. 1997) ("With a wire transfer, the funds are available immediately; a cashier's check, on the other hand, is a negotiable instrument that is only an order to pay."). The facts alleged in the Complaint tiptoe dangerously close to meeting the elements of conversion, but the pleadings, at this stage, do not definitively establish that the funds were converted by Comerica.

Furthermore, the Court notes that:

> [d]ismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations. But dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness.

*Firth v. Yahoo! Inc.*, 2010 WL 2696286, at *2 (N.D. Ind. July 2, 2010) *quoting Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009). Plaintiff here, however, has not pled himself out of Court, but has characterized his claim as such that the parties dispute whether the UCC itself applies here, and therefore dispute whether or not the UCC statute of limitations applies.

The final question to consider in defendant's 12(b)(6) motion is whether the plaintiff has properly pled an unjust enrichment claim. "To state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health*

*Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989). The plaintiff has alleged that the defendant has unjustly retained money to which plaintiff is entitled, which was mistakenly transferred to defendant. Plaintiff's detriment is evident, and, should the allegations of the complaint be proven true, defendant's actions would violate the "fundamental principles of justice, equity, and good conscience."

At this stage in the proceedings, the plaintiff has at least pled enough to put the defendant on notice as to what his claims entail. In light of plaintiff's claims of unjust enrichment, and without further development of the issue of the applicability of the UCC, the Court cannot find that the plaintiff can prove no set of facts which entitle him to relief.

## CONCLUSION

Plaintiff has plead sufficient facts to put defendant on notice as to his claims, and need not overcome the affirmative defense of statute of limitations at this stage in the proceedings. Accordingly, the Court **DENIES** defendant's motion to dismiss (Doc. 3). Defendants' request for a more definite statement based upon production of the check which has since been produced, is **DENIED** as moot.

**IT IS SO ORDERED**

**DATE:   January 26, 2011**

　　　　　　　　　　　　　　　　　　　　**/s/  WILLIAM D. STIEHL**
　　　　　　　　　　　　　　　　　　　　　　**DISTRICT JUDGE**