IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL C. MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  10–cv–434–WDS–SCW |
| | ) |
| COMERICA INCORPORATED, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is Defendant's Motion for Protective Order to Quash Subpoena Directed to Bank of America (Doc. 23).  Specifically, Defendant Comerica Inc. ("Comerica") asks that this Court quash the subpoena issued by Plaintiff to Bank of America because of the subpoena's failure to comply with the time requirements imposed by the scheduling order.  Plaintiff has filed a Response in opposition (Doc. 29).  On February 18, 2011, this Court held a telephone discovery dispute conference with the parties.

Defendant Comerica seeks to quash a subpoena issued by Plaintiff to Bank of America.  Defendant Comerica argues that the subpoena was untimely in that it only allowed Bank of America three days in which to respond and that it was not filed thirty (30) days prior to the close of discovery so as to allow the thirty (30) days to respond as directed in the Scheduling Order.  While a subpoena can be quashed by the Court for its failure to allow a reasonable time to comply with the terms of the subpoena, such a motion must be made by the party to which the subpoena is directed.  **See FED.R.CIV.P. 45(c)(2)(B) and (c)(3)(A);** *see also* **9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459 (3d ed. 2010) ("Ordinarily, a party has no**

**standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.")**. Here, Comerica lacks standing to quash the subpoena as the subpoena was directed towards Bank of America, not Comerica. Defendant even acknowledges in its motion that a party typically does not have standing to file a motion to quash subpoena under **FED.R.CIV.P. 45**.

Further, even if Defendant had standing, the Court finds that the subpoena is not untimely as Defendant argues. Defendant points to language in the Scheduling Order, which states that "[a]ny written interrogatories or requests for production served after the date of the Scheduling and Discovery Order shall be served by a date that allows the served parties the full 30 days...in which to answer or procedure by the discovery cutoff date," to support its proposition (See Doc. 16). However, that deadline applies to written interrogatories or requests for production directed to the parties. The section does not dictate the time period for filing subpoenas to non-parties. Thus, the Court finds that the subpoena was not untimely under the Scheduling Order.

While Defendant acknowledges that Rule 45 is not the proper vehicle for seeking the relief it requests, Defendant, instead, argues that the Court should issue a protective order to quash the subpoena under **FED.R.CIV.P. 26**, which allows "[a] party or any person from whom discovery is sought...[to seek] a protective order.... The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Defendant requests that the Court forbid the disclosure of the discovery that Plaintiff seeks because Plaintiff's subpoena was untimely under the Scheduling Order. However, as previously discussed, the subpoena was not untimely under the Scheduling Order. Furthermore, while Defendant relies on **FED.R.CIV.P. 26** to support its request to quash, Defendant has not shown how quashing the subpoena is necessary to protect Defendant "from annoyance, embarrassment, oppression, or undue burden or expense."

Instead, Defendant merely argues that the subpoena was untimely under the Scheduling Order and did not allow Bank of America a "reasonable time to comply" with the subpoena under Rule 45, neither of which are adequate reasons to quash under Rule 26. Thus, the Court finds that Defendant lacks standing to quash the subpoena under Rule 45 and has not met the standard for quashing the subpoena under Rule 26. Accordingly, the Court **DENIES** Defendant's motion for protective order to quash subpoena directed to Bank of America (Doc. 23).

IT IS SO ORDERED.

DATED: February 18, 2011.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge